Wayne BRITTON, individually and o.b.o. all present and future prisoners of the Crow Wing County Law Enforcement Center, Brainerd, Minnesota, Respondents,

v.

Mary KOEP, Steve Sievek, Howard D. Peterson, Leo Kostek and John Ferrari, individually and as Crow Wing County Commissioners, et al., Appellants.

No. C7–85–1696.

Court of Appeals of Minnesota.

May 27, 1986.

Review Denied July 31, 1986.

John H. Erickson, Brainerd, for respondents.

Stephen C. Rathke, Brainerd, for appellants.

Joseph B. Marshall, Circle Pines, for amicus curiae Minnesota State Sheriffs Assn.

Heard, considered and decided by FOLEY, P.J., and SEDGWICK and NIERENGARTEN, JJ.

## OPINION

NIERENGARTEN, Judge.

As a result of excessively hot and muggy conditions in the Crow Wing County jail, a class action on behalf of present and future prisoners (respondents) was commenced alleging violations of state law and the Eighth and Fourteenth amendments to the United States Constitution. The trial court found that the Crow Wing County Board of Commissioners' (County) failure to alleviate the high temperatures "deprived [the prisoners] of rights, privileges and immunities secured by the constitution and laws, contrary to 42 U.S.C. Sec. 1983," and ordered the County to remedy the problem by taking verifiable action to bring the law enforcement center "into compliance with the law of the land." The County then authorized the installation of air conditioning.

Prior to the completion of the installation, respondents moved the trial court for an order requiring the County to place the air conditioning controls in the jail for use by the sheriff instead of in the courthouse building, which is located several hundred feet from the jail. The trial court denied the motion on July 3, 1985, but authorized the county sheriff to have access to the control unit and training as to its use. The trial court also awarded respondents attorney's fees. The respondents moved for clarification, and on August 5, 1985, the trial court issued an order confirming the July 3rd order and explicitly authorized the sheriff to exercise "dominion and control" over the master control unit. The County appeals from the August 5th order, alleging that the trial court exceeded its authority in granting the sheriff access to the control unit and awarding attorney's fees. We reverse.

## FACTS

In 1978 the Crow Wing County Board of Commissioners authorized the construction of an air conditioned law enforcement center. Budgetary limitations later resulted in deletion of the air conditioning.

Three years after construction, a prisoner wrote a letter to the district judge complaining of hot and humid conditions in the county jail. The trial court determined that the prisoner's letter constituted a petition commencing a civil action and appointed a law firm to provide representation at a rate of fifty dollars per hour. The County

never appealed from that portion of the order appointing the law firm.

Counsel for respondents commenced a class action in April 1984 against the County alleging violations of state law and the cruel and unusual punishment clause of the Eighth Amendment to the United States Constitution. Respondents sought temporary and permanent injunctive relief requiring the County to install air conditioning. Respondents also sought attorney's fees.

In its order of June 28, 1984, the trial court found that the high temperatures in the jail subjected respondents to "prolonged exposure to unsafe and unhealthy living conditions," and that the County "deprived [respondents] of rights, privileges and immunities secured by the constitution and laws, contrary to 42 U.S.C. Sec. 1983." The trial court concluded that the jail was "not in compliance with the law of the land," and ordered the County to take "actual, verifiable, concrete, accomplished actions to bring the Law Enforcement Center into compliance with the law of the land and file with the Court verification thereof on or before February 15, 1985."

A contract for the installation of air conditioning was awarded in April 1985 placing the master controls for the air conditioning unit in the basement of the courthouse, which is located several hundred feet from the jail and connected to the jail by tunnels.

The respondents moved the court to require that all controls be placed in the jail under the control of the sheriff. On May 3, 1985, the trial court issued a show cause order directing the County to show why its plans, including the placement of the controls, were in compliance with the order of June 28th and applicable law. At the hearing, the county auditor testified that the controls were to be run by the custodial staff employed by the County, and that "[w]e don't want the sheriff's department to run the main switch."

The trial court issued an order on July 3, 1985 denying respondents' motion. In its memorandum, the trial court explained that all applicable laws would be complied with by placing the master controls in the courthouse as planned. The trial court added, however, that because the sheriff is in charge of maintaining the county jail in a clean and healthy condition, "the sheriff's department is authorized to have access to the master control unit and any other units that regulate the air temperatures." The trial court further mandated that "[t]he sheriff and/or select members of his department are entitled to receive proper training to operate such controls." The trial court also awarded respondents reasonable attorney's fees.

Thereafter, respondents moved the court for clarification. In an order dated August 5, 1985, the trial court ratified the July 3rd order, including the award of attorney's fees, and specifically stated that "the Sheriff's Department is authorized by law to exercise dominion and control over the master control unit and any other units that regulate the air temperatures and the Sheriff can direct the exercise of such authority over the control of said air temperatures pursuant to law." In its attached memorandum, the trial court reasoned that the sheriff must be given control over the air conditioning controls to meet his statutory and implied duties. The court justified the award of attorney's fees based on 42 U.S.C. § 1988, the inherent power of the court, and respondents' reliance on the County's previous payments of attorney's fees, which the County paid pursuant to the order of September 19, 1984 up until February 22, 1985.

The County appeals from the order of August 5, 1985.

## ISSUES

1. Did the trial court abuse its discretion in providing the sheriff with access to the air conditioning controls of the county jail?

2. Did the trial court abuse its discretion in awarding the respondents attorney's fees?

## ANALYSIS

### I

Under state law, county boards are authorized to "construct, purchase, or lease, *regulate and maintain* * * * a jail for the safekeeping of prisoners * * *." Minn. Stat. § 641.01 (1984) (emphasis added). Each county is to provide a "suitable and sufficient jail," *id.* § 373.05, and each county board is to provide suitable jail clothing, underclothing, linen and bedding, towels, medical aid for prisoners, and fuel for the jail. *Id.* § 641.15. The County claims these statutory provisions place ultimate control of the jail with the county board and that control of temperature is clearly a regulation and maintenance function belonging to the County. The County argues it was within its discretion to place all controls in one location and give the custodial staff exclusive access to the control unit, adding that the action was a "reasonable, rational governmental decision." The County contends further its action was reasonable by virtue of the fact that the custodians can properly regulate the temperature in the jail and avoid the problems that arise when too many people have access.

In support for its argument that the county board acted rationally and within its discretion, the County looks to the following Ninth Circuit discussion:

> Federal courts lack the power to interfere with decisions made by state prison officials, absent constitutional violations. Courts must recognize that the authority to make policy choices concerning prisons is not a proper judicial function. * * Any needed prison reform is an executive and legislative responsibility. The function of a court is limited to determining whether a constitutional violation has occurred, * * * and to fashioning a remedy that does no more and no less than correct that particular constitutional violation * * *.

*Hoptowit v. Ray,* 682 F.2d 1237, 1246 (9th Cir.1982) (citations omitted).

The County further advances three additional arguments. First, respondents have no standing to argue who should be in charge of the air conditioning controls because the issue is a "governmental decision properly to be determined by [the sheriff and county] without interference by either the prisoners or the courts." Second, an agreement between Brainerd and the County giving the sheriff exclusive control of the jail cannot negate the statutes giving the county ultimate control. Finally, the County contends that nothing in the record suggests that its failure to provide the sheriff with access violates the order to bring the Center into compliance "with the law of the land."

Respondents argue that the sheriff must have access to temperature controls under the statutory requirement that "[t]he sheriff *shall have the charge and custody of the county jail* and receive and safely keep therein all persons lawfully committed thereto * * *." Minn.Stat. § 387.11 (1984) (emphasis added). Moreover, the sheriff "shall have charge of the [county] jail, and be responsible for its condition." *See id.* § 641.14. In addition, "[t]he sheriff * * * *shall keep the jail in a clean and healthy condition,* have each prisoner's clothing washed at least once a week, furnish to each sufficient clean water for drinking and bathing, and serve each three times a day with a sufficient quantity of wholesome, well cooked food." *Id.* § 641.15 (emphasis added). Respondents conclude these statutory requirements mandate that the sheriff have access to the air conditioning controls so that the jail environment can be properly maintained.

We conclude that the issue of access to the air conditioning controls is a governmental decision to be determined by the county board of commissioners. Once the County ordered the installation of air conditioning in the jail, it remedied the constitutional violation and it was then within the authority of the County to determine where the air conditioning controls shall be located and who shall be authorized to operate them.

There is no showing that the County has failed to properly run the air conditioning

or that the prisoners are in need. Hence, in this sense, this appeal is premature.

## II

A court may not award a successful litigant attorney's fees absent specific or statutory authority. *Minnesota-Iowa Television Co. v. Watonwan T.V. Improvement Association*, 294 N.W.2d 297, 311 (Minn.1980). The County argues the controversy surrounding the location and access to air conditioning control unit does not involve a constitutional issue, but instead centers on the interpretation of several state statutes. Thus, it asserts the trial court was without a statutory basis to award fees generated in the litigation over the location and access to the air conditioning controls because absent a constitutional issue, the federal civil rights legislation does not authorize such an award in this case. *See* 42 U.S.C.A. §§ 1983, 1988 (1981). The County adds that when the initial constitutional issue involving excessive heat was resolved in 1984, it paid the respondent's fees that were generated up to that time.

The respondents argue that the County is estopped from denying such fees at this late date, and that such fees were properly awarded in equity to save or preserve property, analogizing the guarding the safety of prisoners to that of preserving property.

Respondents make three additional arguments. First, because the initial civil rights case is of indefinite duration, respondents assert that it was still before the trial court in May 1985, and therefore sections 1983 and 1988 of title 42 of the United States Code permit an award of attorney's fees in this case.

Second, respondents contend that this case comes within the substantial benefit rule, which provides that fees may be awarded out of funds recovered for a beneficiary. *See Regan v. Babcock*, 196 Minn. 243, 255, 264 N.W. 803, 809 (1936). While this case did not involve the recovery of funds for the respondents, they argue that it was an important matter and some benefit was obtained for respondents and, therefore, the substantial benefit exception should apply.

Respondents' final argument is that the trial court possessed inherent judicial power to award fees.

 We find the respondent's arguments to be without merit. While it may be that trial courts possess inherent judicial power to award fees, that power does not extend to cases like this one wherein the issues raised are subsequent to the litigation of a constitutional issue, litigation for which respondents' counsel was paid. The trial court abused its discretion in awarding respondents attorney's fees because the matters before the court concerning the location of and access to the air conditioning controls are unrelated to any constitutional issue and there is no basis, statutory or otherwise, for such an award.

## DECISION

The trial court abused its discretion in granting the sheriff access to the air conditioning controls and awarding attorney's fees.

Reversed.